IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Michael Lewis, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-50264 |
| | ) | |
| vs. | ) | |
| | ) | |
| Metro Enforcement, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth below, the court grants defendants' motion to dismiss [10]. Because all federal claims have been dismissed, the court will also relinquish jurisdiction over the remaining state law claims. The case is terminated.

## STATEMENT - OPINION

This matter arises out of plaintiff Michael Lewis's 42 U.S.C. § 1983 complaint [1] alleging that he was subject to unreasonable seizure (Count One), excessive force (Count Two), and unreasonable search (Count Three) by defendants Joshua Sims and Cory Magnuson, employees of defendant Metro Enforcement, a private security company hired to provide security services to the Rockford Housing Authority. Plaintiff also alleges state claims for false arrest (Count Four), battery (Count Five), and respondeat superior (Count Six). Jurisdiction for the state law claims is based exclusively on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

On December 15, 2015, all defendants filed a joint 12(b)(6) motion to dismiss the federal claims, Counts One, Two, and Three, on the basis that they did not act under color of state law because defendants Joshua Sims and Cory Magnuson, as employees of defendant Metro Enforcement, were not state actors. *See* [10], [11]. On February 12, 2016, plaintiff filed a response in opposition [27]. On February 26, 2016, defendants filed a joint reply [29]. This matter is now ripe for the court's review.

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and drawing all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 2016 \_\_ F.3d \_\_, 2016 WL 403215, at *3 (7th Cir. Feb. 3, 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing Fed.R.Civ.P.

1

8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Additionally, the complaint's factual allegations must raise the claim above a mere 'speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## A. FACTUAL BACKGROUND.

The following factual background is based on the allegations in plaintiff's complaint. *See* [1]. On April 19, 2015, plaintiff Michael Lewis was walking from a friend's house on Birch Court in Rockford, Illinois. While walking, plaintiff was stopped by defendants Joshua Sims and Cory Magnuson. Defendants Sims and Magnuson are employed as Metro Enforcement Officers for defendant corporation Metro Enforcement, which was hired by the Rockford Housing Authority ("RHA"), a municipal corporation, to police RHA properties. Plaintiff was not in violation of any laws and there was no reasonable basis to believe he had committed any crimes.

Defendant Sims asked plaintiff for his identification, which plaintiff provided. Defendant Magnuson then searched plaintiff and did not find any contraband. Plaintiff asked the defendants why they were harassing him, to which they replied "shut the fuck up." The defendants then grabbed plaintiff and violently slammed him into their squad car, sprayed him with their OC spray, slammed him to the ground, and handcuffed him. At this time, plaintiff was not free to leave. There was no lawful basis to arrest or otherwise detain plaintiff.

Eventually, Rockford Police Department officers arrived at the scene and interviewed plaintiff, as well as defendants Sims and Magnuson. When speaking to defendant Magnuson, one of the police officers noticed that in the course of the conversation, Magnuson's story had begun to drastically change from his original account of the guards' encounter with plaintiff.

At that time, plaintiff was transported to Swedish American Hospital by the Rockford Fire Department to be treated for the injuries he suffered from defendants Sims and Magnuson. As relevant to these events, plaintiff was never charged with a crime.

## B. ANALYSIS

As noted, plaintiff's complaint includes three § 1983 federal claims against defendants, including unreasonable seizure, excessive force, and unreasonable search. *See* [1]. Defendants have moved to dismiss on the grounds that there was no state action as required under § 1983 because, according to plaintiff's factual allegations, they are simply private security guards and as such did not and could not act under color of state law. *See* [10]; [11].

2

"42 U.S.C. § 1983 provides in pertinent part that '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.'" *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004) (quoting 42 U.S.C. § 1983). "While generally employed against government officers, the language of § 1983 authorizes its use against private individuals who exercise government power; that is, those individuals who act 'under color of state law.'" *Id.* The Seventh Circuit has held that "a private party will be deemed to have acted under color of state law when the state either (1) effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision; or (2) delegates a public function to a private entity." *Id.* (internal quotations omitted).

The Seventh Circuit has in several cases confronted the issue of whether private security guards can act under color of state law. Generally, the Seventh Circuit has found that a private guard may be a state actor when "no legal difference exists between a privately employed special officer *with full police powers* and a regular . . . police officer." *Id.* at 897 (internal quotations omitted) (emphasis in original). "If, however, the privately employed special officers are 'no substitute for the police' in that they are not 'entrusted with all powers possessed by the police,' then the special officer is not considered a state actor." *Id.* (quoting *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 630 (7th Cir. 1999)). When, for example, a special officer's only recourse in a given situation is to call the police for help, it is 'a far cry from delegating all of the powers of the regular police patrol to the special officer.'" *Id.*

The Seventh Circuit has only found that private security guards are state actors when there is a state ordinance or other authorization granting full police powers within their jurisdiction. *See United States v. Hoffman*, 498 F.2d 879 (7th Cir. 1974) (privately employed railroad policemen, who were also Chicago special police officers, were state actors when they were "authorized on a continuing and full-time basis to search actively for criminals and . . . to use the powers of the state when their search [was] successful"); *see also Stokes v. Northwestern Memorial Hosp.*, 1989 WL 84584, at **2-3 (N.D. Ill. 1989) (Northwestern Memorial Hospital private police were state actors where "[t]he municipality of Chicago, by virtue of Chapter 173, has delegated all police powers to Northwestern police for the limited area [within their jurisdiction]"); *Scott v. Northwestern University School of Law*, 1999 WL 134059, at **5-6 (N.D. Ill. 1999) (Northwestern private police, "[b]y virtue of the Illinois statute . . . was transformed from mere private security guards" and "delegated the same powers as municipal officers but with a more-limited jurisdiction"). In contrast, where there is no special delegation of authority, private guards are not state actors. *See Johnson*, 372 F.3d at 897 (hospital security guard not state actor where there was no evidence of delegated authority and he "was not expected or authorized to carry out the functions of a police officer"); *Wade v. Byles*, 83 F.3d 902, 903-07 (7th Cir. 1996) (security guard was delegated limited authority but the court noted this was not a case "where the state ha[d] delegated its entire police power to a private police force"); *United States v. Shahid*, 117 F.3d 322, 327-28 (7th Cir. 1997) (mall security officer not state actor where there was no evidence of delegated authority and "[a]bsent evidence to

3

the contrary, the [local] Sheriff's Department, and not mall security, should be presumed to be the local law enforcement agency to which the Fourth Amendment applies").

As defendants point out, plaintiff does not allege facts in his complaint sufficient to make plausible that the defendants were delegated any police authority pursuant to state ordinance or regulation. True, plaintiff alleges in the complaint that the defendant officers "are duly appointed and sworn Metro Enforcement Officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance, and/or regulation." *See* [1] at ¶ 5. However, this is simply a "formulaic recitation of the elements of a cause of action" which the Seventh Circuit and Supreme Court have deemed insufficient to survive a motion to dismiss. *See Bonnstetter v. City of Chicago*, 2016 \_\_ F.3d \_\_, 2016 WL 403215, at *3 (7th Cir. Feb. 3, 2016) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the relevant factual allegations in the complaint suggest that plaintiff's argument is that the officers were acting under color of state law simply because Metro Enforcement was contracted to provide security for a municipal corporation. Plaintiff alleges that "Defendant METRO was hired by the Rockford Housing Authority ("RHA"), a municipal corporation, to police RHA properties. *As such*, Defendant METRO as well as all of its employees and/or agents, were acting under color of law." *See* [1] at ¶ 8 (emphasis supplied).

A private corporation providing services to a municipal corporation does not automatically transform that entity into a state actor. In fact, the Seventh Circuit has explicitly found that the employee-guards of a private security corporation that had contracted with the Chicago Housing Authority did not act under color of state law. *See Wade v. Byles*, 83 F.3d 902 (7th Cir. 1996). Despite the fact that the private guards were "authorized to carry a handgun, arrest people for criminal trespass pending arrival of the police, and use deadly force in self-defense[,]" they nonetheless were not state actors because they did not exercise authority exclusively reserved to the state and "possessed powers no greater than those of armed security guards who are commonly employed by private companies to protect private property." *Id.* at 906. The fact that the guards worked for a company that had contracted with a government entity was irrelevant because "[t]he simple fact that a private entity performs a function that serves the public does not transform its conduct into state action." *Id.* at 905. Recently, the Seventh Circuit relied on the *Wade* opinion in finding that a company which provided patrol and detection dogs, as well as training, to the United States military and to state police in 40 states did not act under color of state law because "while delegation of a state's entire police power to a private entity may turn that entity into a state actor, that is not what happened here." *Miller v. Vohne Liche Kennels, Inc.*, 600 F. App'x. 475, 477 (7th Cir. Apr. 22, 2015) (citing *Wade* for the proposition that "private security officer at public housing project not a state actor").

Plaintiff argues that a determination of whether the defendants acted under color of state law is a factual determination that cannot be resolved on a motion to dismiss. However, this ignores the fact that the Seventh Circuit has explicitly held that state action is something that plaintiff's must support in their complaints with factual allegations, rather than simply formulaic recitations, and that failure to do so will result in dismissal. *See Hallinan v. Fraternal Order of Police of Chicago Lodge*

4

*No. 7*, 570 F.3d 811, 820 (7th Cir. 2009) (affirming grant of motion to dismiss § 1983 action because "the Constitution requires state action which the plaintiffs have failed to effectively plead"); *see also London v. RBS Citizens, N.A.*, 600 F.3d 742, (7th Cir. 2010) ("[B]ecause the [plaintiffs] did not allege any action by [the defendant] that was taken under color of state law, [the defendant] may not be held liable under § 1983. The district court's dismissal of the plaintiffs' complaint for failure to state a claim was thus appropriate."); *Tunca v. Lutheran General Hosp.*, 844 F.2d 411 (7th Cir. 1988) (affirming grant of motion to dismiss § 1983 claim against hospital because "[t]here is no proof here beyond Dr. Tunca's 'say so' that the hospital's consideration fo the alleged hearsay was directed by the State of Illinois. Further, nowhere does the plaintiff contend that the state owns or controls [the hospital,]" and thus "Plaintiff cannot survive defendant's motion to dismiss because he is unable to demonstrate that [the hospital] is a state actor"). In fact, the Seventh Circuit has affirmed dismissal in a case where casino security officers detained and arrested the plaintiff in part because while "a private party acts under color of state law if the state effectively directs or controls its actions or has delegated a public function to the private entity," and the plaintiff alleged that the security guards "exercised a government power," the complaint nonetheless failed to plead that the security guards were state actors because "the power to detain and arrest is not exclusively reserved to the government and by itself does not constitute state action." *See Swanson v. Horseshoe Hammond, LLC*, 445 F. App'x. 868, 870 (7th Cir. 2011).

Plaintiff's last line of argument is a reliance on *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623 (7th Cir. 1999), where the Seventh Circuit reversed the district court's grant of a defendant hospital and its private security guards' motion to dismiss the complaint based on no state action. *Payton* is factually and legally distinguishable from this case, however. First, according to the allegations in *Payton*, the security guards at issue were governed by a special police officer ordinance which granted them "the powers of the regular police patrol at the places for which they are respectively appointed or in the line of duty for which they are engaged," which, as the court has already noted, is clearly distinguishable from this case in which no such authority is alleged. *See id.* at 625. Second, the *Payton* court, relying on the pre *Twombly* and *Iqbal* standard, found that "a pleading must only contain enough to allow the court and the defendants to understand the gravamen of the plaintiff's complaint. Analyzed under the proper standard, we conclude that the plaintiff's allegation that the defendants used their special police powers given to them by the City of Chicago to beat up, detain and arrest him is factually sufficient to meet Rule 8(a)(2)'s requirements." *Id.* at 627.

Here, plaintiff has not alleged facts sufficient to raise a plausible inference that the security guards who detained her exercised any authority exclusively reserved to the state. As the Seventh Circuit has held post *Twombly* and *Iqbal*, "the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief. If the allegations give rise to an obvious alternative explanation, then the complaint may stop short of the line between possibility and plausibility of entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (internal quotations and alterations omitted). While plaintiff's complaint contains the "formulaic recitation" of the state action element, her factual allegations give rise to the obvious alternative explanation that the defendants were not engaged in

state action, but rather grossly overstepped their own authority as private security guards. *See id.* Post *Twombly* and *Iqbal*, courts in this district have dismissed similar complaints for failure to properly plead state action. *See Jones v. A-Alert Security Services, Inc.*, 2015 WL 9461296, at **2-5 (N.D. Ill. Dec. 28, 2015) (dismissing § 1983 claim against private security force because "[p]laintiffs do not identify a statute, ordinance, or other state directive providing for the creation of Concordia security" and plaintiff's cursory allegations that "defendants exercise the full range of traditional police powers" are simply "conclusions . . . without factual underpinnings, [and] are insufficient to survive a motion to dismiss"). As such, plaintiff has not adequately pled state action and her federal claims must be dismissed.

For the foregoing reasons, defendants' motion to dismiss Counts One, Two, and Three [10] is granted. Because the only federal claims in this case are those in Counts One, Two, and Three, the dismissal of those claims means all of the federal claims in this action are dismissed. This court's subject matter jurisdiction in this case is premised on federal question (28 U.S.C. § 1331) and supplemental (28 U.S.C. § 1367(a)) jurisdiction. "Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012). Accordingly, the court will relinquish jurisdiction over the remaining state law claims against defendants in Counts Four, Five, and Six, and dismiss them without prejudice. The case is terminated.

Date: 3/07/2016                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices (LC)